Opinion issued April 17, 2008











  



In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00645-CR
NO. 01-06-00646-CR




THOMAS NATHAN TERRELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 1007474 and 1007475 




MEMORANDUM OPINION
          Appellant, Thomas Nathan Terrell, appeals from convictions for aggravated
sexual assault and indecency with a child. Tex. Penal Code Ann. §§ 21.11, 22.021
(Vernon 2003). Appellant pleaded not guilty to the offenses. The jury found
appellant guilty of both offenses, and the trial court sentenced him to 35 years and 20
years in prison, respectively, in accordance with the terms of an agreement with the
State concerning the punishment to be assessed in each case. Appellant’s counsel on
appeal has submitted a brief stating his professional opinion that the appeal is without
merit and that there are no arguable grounds for reversal on appeal. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant received
notice of his right to file a pro se response. More than 30 days have passed, and
appellant has not filed a pro se response brief. We affirm appellant’s conviction.
Background
           Appellant was the uncle of complainant. Appellant lived with complainant
and his family from the time complainant was approximately five years old. When
complainant was between the ages of eight and 14, appellant sexually assaulted
complainant on a regular basis. Complainant testified that appellant touched
complainant’s sexual organs with his hand, performed oral sex on complainant, and
forced complainant to perform oral sex on him. Complainant further testified that
this occurred “hundreds” of times over the years. Complainant’s therapist and the
sheriff’s office detective who investigated complainant’s case also testified at trial. 
Appellant did not present any evidence at trial. The jury found appellant guilty of
each offense. 
          After the jury found appellant guilty of each of the offenses, appellant and the
State agreed to the number of years of confinement for punishment for each offense
and the State agreed that no other charges would be filed in Fort Bend County
regarding certain complainants during a stated period of time. Appellant signed
documents stating that he was guilty of the offenses for which the jury had found him
guilty and acknowledging the terms of the agreement. The trial court sentenced
appellant in accordance with the terms of the agreement.
          Appellant filed a pro se notice of appeal for each conviction. The trial court
appointed appellate counsel, who has filed an Anders brief stating that there are no
arguable grounds on appeal. See Anders, 386 U.S. 738, 87 S. Ct. 1396.Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and,
therefore, that any appeal would lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel sent a copy of the brief to appellant, requested permission
to withdraw from the case, and notified appellant of his right to review the record and
file a pro se response.
          When this Court receives an Anders brief from a defendant’s court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must determine
that issue independently by conducting our own review of the entire record. Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting
same passage from Anders). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist. Id. at 827. If we determine that arguable grounds for appeal
exist, we must abate the appeal and remand the case to the trial court to allow the
court-appointed attorney to withdraw. See id. The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if appellant wishes,
allow appellant to proceed pro se. See id. If we determine that there are arguable
grounds for appeal, appellant is entitled to have new counsel address the merits of the
issues raised. Id. “Only after the issues have been briefed by new counsel may [we]
address the merits of the issues raised.” Id. 
          If, on the other hand, we determine from our independent review of the entire
record that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 
          In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–28, we have reviewed the record and appellant’s appointed
counsel’s Anders brief, and we conclude that no reversible error exists.

Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw.


 
 

                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).